# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 03 CR 474 |
| | ) |
| GAIL RICHARDSON, | ) Wayne R. Andersen |
| | ) District Judge |
| Defendant. | ) |

## MEMORANDUM, OPINION AND ORDER

This case is before the Court on two motions of Defendant Gail Richardson: 1) for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2); and 2) for jail credit. For the following reasons, we deny Defendant's motions.

### BACKGROUND

Defendant Gail Richardson was charged in a five-count indictment with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Count One); possessing with intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1) (Counts Two and Four); and possessing with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1) (Counts Three and Five). Defendant entered a blind plea of guilty to all five counts of the indictment on March 24, 2005.

At the sentencing, the Court adopted the probation officer's findings and determined that the guideline range was 292 to 365 months. Taking into account the Defendant's age, her drug addiction, and the lack of violent behavior despite the presence of guns, the Court imposed a sentence substantially below the guideline range for both the offenses of being a felon in

possession and the controlled substance offenses. The Court sentenced Defendant to 60 months' imprisonment on Count One to run consecutive to a term of 78 months each for Counts Two through Five, which would run concurrent to each other. Thus, the total imposed term of imprisonment was 138 months.

Defendant has now filed a motion pursuant to 18 U.S.C. § 3582(c)(2) seeking a reduction in her sentence based on a recent amendment to the Sentencing Guidelines (Amendment 706) which lowered the base offense levels applicable to cocaine base ("crack cocaine") offenses. Defendant has also filed a motion for jail credit seeking credit for time spent in state custody.

DISCUSSION

I. Motion For Reduction Of Sentence

Defendant's motion for a reduction of sentence pursuant to 18 U. S. C. § 3582(c)(2) is based on the recent amendments to the sentencing guidelines which lowered the base offense levels applicable to certain cocaine base ("crack") offenses. With the amendment, the Sentencing Commission generally reduced by two levels the offense levels applicable to crack cocaine. At the high end, the guidelines previously applied a base offense level 38 to a quantity of crack cocaine of 1.5 kilograms or more. Based on the amendment to the guidelines, a quantity of at least 1.5 kilograms but less than 4.5 kilograms now falls within offense level 36. Under the revised guidelines, a level 38 now only applies to offenses involving a quantity of 4.5 kilograms or more of crack cocaine.

Defendant's motion is denied because the guideline amendment does not have the effect of lowering the Defendant's guidelines range. Pursuant to 18 U.S.C. § 3582(c)(2), a defendant's sentence may only be reduced when "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." In its revisions to sentencing guidelines, the

Commission made clear that a sentencing court is not authorized to reduce a defendant's sentence when a retroactive amendment does not result in lowering the applicable sentencing range for a defendant.

Because Defendant's offense involved multiple types of controlled substances, specifically both crack cocaine and heroin, the drug equivalency tables (as modified by Amendment 711) must be applied. The new amendment reduces the drug equivalency ratio for converting crack cocaine to marijuana, lowering the marijuana equivalent for 1 gram of crack cocaine in this case from 20 kilograms to 14 kilograms.

Using the 14 kilograms of marijuana to convert the amounts of crack cocaine attributable to Defendant, however, results in the *same* drug quantity range of 3000 kilograms to 10,000 kilograms of marijuana for a base offense level of 34. *See* U.S.S.G. § 2D1.1(c)(3). Defendant was found responsible for 108.4 grams of crack cocaine. Multiplying this amount by 14 kilograms of marijuana equals a total amount of 1517.6 kilograms of marijuana. When added to the 4535 grams of heroin (converted to 4535 kilograms of marijuana) attributable to Defendant, the total drug quantity is calculated to be 6052.6 kilograms of marijuana. Although this amount is less than the 6703 kilograms of marijuana from Defendant's original sentence, the guideline range remains the same. Because Amendments 706 and 711 and the newly amended § 2D1.1 application note 10(D)(I) do not alter the portion of the Sentencing Guidelines relating to heroin, there has been no change to the guidelines applicable in this case.

Furthermore, the Court notes that Defendant's sentence was substantially below the guideline range. Specifically, the Defendant faced a range of 292 to 365 months under the guidelines, but the Court, citing *Booker* and consideration of 18 U.S.C. § 3553 factors, imposed a total sentence of 138 months. Even if the Amendments had been applicable to this sentence,

3

the revised Section 1B1.10(b)(2)(B) cautions: "if the original term of imprisonment constituted a non-guideline sentence determined pursuant to 18 U.S.C. § 3553 and *United States v. Booker,* 543 U.S. 220 (2005), a further reduction *generally would riot be appropriate."* (emphasis added).

For these reasons, Defendant's motion to reduce sentence is denied.

II. Motion For Jail Credit

Defendant has also filed a motion for jail credit, requesting that this Court direct the Bureau of Prisons (BOP) to give her credit for 1109 days spent in state custody. We deny Defendant's motion because this Court cannot properly entertain such a request. A district court has no authority to order the BOP to give a defendant credit for time served because that authority rests exclusively with the BOP. *United States v. Ross,* 219 F.3d 592, 594 (7th Cir. 2000). Therefore, this Court is without power to entertain Defendant's request that this Court enter an order crediting her for time she spent in state custody.

We note, however, that the proper vehicle through which to challenge the computation of a jail credit is a petition filed pursuant to 28 U.S.C. § 2241. *See, e.g., Roccisano v. Menifee,* 293 F.3d 51, 57 (2d Cir. 2002). However, a § 2241 petition can only be entertained after the prisoner has exhausted her administrative remedies. Moreover, the petition must be filed in the jurisdiction "wherein the restraint complained of is had." *See Rumsfeld v. Padilla,* 542 U.S. 426 (2004). In this case, the Defendant is not incarcerated in the Northern District of Illinois, and it does not appear from the record that she has exhausted all of her administrative remedies.

For these reasons, we deny Defendant Gail Richardson's motion for jail credit.

CONCLUSION

For the foregoing reasons, we deny Defendant Gail Richardson's motion to reduce

4

sentence (# 65) and motion for jail credit (# 58).

It is so ordered.

_____
Wayne R. Andersen
United States District Court

Dated: November 13, 2008